# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

STACEY KING,

    Plaintiff,

  v.

MUTUAL OF OMAHA INSURANCE COMPANY,

    Defendant.

Case No. 2:18-cv-01821-JCM-CWH

**ORDER**

  Presently before the court is pro se plaintiff Stacey King's Motion to Strike Defendant's Answer (ECF No. 5), filed on October 1, 2018. Defendant Mutual of Omaha Insurance Company ("Mutual") filed a response and countermotion to set aside the default (ECF Nos. 7, 8) on October 11, 2018. King filed a reply in support of his motion and a response to the countermotion (ECF Nos. 10, 11) on October 25, 2018. Mutual filed a reply (ECF No. 12) in support of its countermotion on November 1, 2018.

**I. BACKGROUND**

  This is an insurance-coverage dispute regarding long-term disability insurance benefits that Mutual removed from state court based on diversity jurisdiction. (Pet. for Removal (ECF No. 1). Mutual represents that shortly before removal, King filed an application for default in state court that Mutual was unable to retrieve from the state court docket. (*Id.* at 3.) Regardless, Mutual represents that it was not properly served through the Nevada Department of Insurance. (*Id.*) After removal, Mutual filed an answer. (Ans. (ECF No. 4).) King subsequently filed the notice of default that was entered in the state court case. (Notice of Default (ECF No. 6).) The amended affidavit of service King filed with the court indicates Mutual was served by leaving a copy of the summons and complaint with "Carla Engel" at "Mutual of Omaha Insurance

Company, c/o General Counsel, Mutual of Omaha Plaza, Omaha, NE 68175." (Mot. to Strike (ECF No. 5) at 8-9.)

King now moves to strike Mutual's answer, arguing it is untimely because it was filed after the default was entered in state court. Mutual responds that it was not properly served, that its deadline for answering had not passed at the time it filed its answer, and that the state-court default was based on the false assertion that Mutual was properly served and failed to respond. Specifically, Mutual argues that Nevada statutory law requires foreign insurers to be served with process through the Insurance Commissioner and that when service is made in the statutorily mandated manner, the insurer gets an additional 10 days to answer. Mutual states that it is formed under the laws of Nebraska and is thus a foreign insurer that may only be served through the Insurance Commissioner. (Decl. (ECF No. 7-1).)

Mutual further argues it did not engage in culpable conduct that led to the default, that it has a meritorious defense to the lawsuit, and that King would not be prejudiced by allowing the case to be determined on its merits. Regarding its defense, Mutual provides the court with a declaration from Greg Richt, one of its disability claims specialists, stating that Mutual terminated King's claim for long term disability benefits because he failed to submit information to support further payment of his claim. (Decl. (ECF No. 7-1).) Mutual requests that the court set aside the default and allow it to defend the case.

King replies that under Nevada Revised Statutes § 680A.250(4), service of process may be made on a domestic insurer by serving the Insurance Commissioner or in the manner prescribed under Rule 4(e) of the Nevada Rules of Civil Procedure. In its reply in support of its countermotion, Mutual states that service of process on a foreign insurer must be made through the Insurance Commissioner and that the exception King references does not exist.

**II.  ANALYSIS**

**A. Service**

Under Nevada law, foreign insurers must be served with process through the Insurance Commissioner. "Before the Commissioner may authorize it to transact insurance in this state, each insurer must appoint the Commissioner . . . as its attorney to receive service of legal

process issued against the insurer in this state." Nev. Rev. Stat. § 680A.250(1). "Service of such process against a foreign or alien insurer must be made only by service thereof upon the Commissioner." Nev. Rev. Stat. § 680A.250(3). Additionally, "[s]ervice of process against an insurer for whom the Commissioner is attorney must be made by delivering to and leaving with the Commissioner, the Commissioner's deputy, or a person in apparent charge of the office of the Commissioner during the Commissioner's absence, two copies of the process, together with the fee." Nev. Rev. Stat. § 680A.260(1). When service is made in the statutorily mandated manner, service is only complete when the Commissioner mails the papers to the insurer and then the insurer gets an additional 10 days to answer. Nev. Rev. Stat. § 680A.260(2)-(3). "A 'foreign' insurer is one . . . [f]ormed under the laws of any jurisdiction other than [Nevada]." Nev. Rev. Stat. § 679A.090(2)(a).

Here, Mutual's declaration indicates it is a foreign insurer. King does not dispute that fact. The amended affidavit of service King filed with the court indicates service was attempted by leaving the summons and complaint with an individual at Mutual of Omaha's office, not through the Insurance Commissioner as required by Nevada law. Regarding King's argument that he had the option of serving Mutual under Nevada Revised Statutes § 680A.250(4) and Rule 4(e) of the Nevada Rules of Civil Procedure,[1] the plain language of § 680A.250(4) states that it applies to domestic insurers. Regardless, application of Rule 4.2(c) also leads to the result that service must be made through the Insurance Commissioner. Specifically, Rule 4.2(1)(A) states that an entity registered to do business in Nevada may be served via its registered agent, by various officers, partners, members, managers, or trustees that are not applicable here, or by "any other agent authorize by appointment or by law to receive service of process." To be registered to do business in Nevada, Mutual was required to "appoint the Commissioner . . . as its attorney to receive service of legal process issued against the insurer in [Nevada]." Nev. Rev. Stat. § 680A.250(1). Thus, Rule 4.2(1)(A) also requires service to be made on the Commissioner. The

---

[1] Former Rule 4(e) is now Rule 4.2(c).

court therefore finds that Mutual was not properly served under Nevada law and therefore will deny King's motion to strike Mutual's answer.

### B. Clerk's entry of default

Even if King had properly served Mutual, the court in its discretion would set aside the state court clerk's entry of default. Rule 55 of the Federal Rules of Civil Procedure provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. Where this failure is "shown by affidavit or otherwise," the clerk must enter that party's default under Fed. R. Civ. Proc. 55(a). "The court may set aside an entry of default for good cause." *Id.* at 55(c). "Good cause" is determined through three factors: (a) whether the defaulting party engaged in culpable conduct that led to the default, (b) whether there is a meritorious defense, and (c) whether reopening the case would cause prejudice to the Plaintiff. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). This test is disjunctive, and proof of any of these three factors may justify setting aside the default. *See Brandt v. American Bankers Insurance Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

Overarching these factors is the Ninth Circuit's stated policy favoring adjudication of disputes on their merits, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), with doubts resolved in favor of setting aside the default. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). It is within the court's discretion whether to set aside a default. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). The court's discretion is especially broad when it is the clerk's entry of default that is being set aside, rather than a default judgment. *Id.*

Turning to the disjunctive *Falk* factors, the court finds King would not be prejudiced by setting aside the default under the circumstances of this case. To determine whether the plaintiff would be prejudiced if the default judgment is set aside, "[t]he standard is whether his ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. Setting aside a default must do more than simply delay resolution of the case to be considered prejudicial to the plaintiff. *TCI*, 244 F.3d at 701. Similarly, requiring a plaintiff to adjudicate a claim on the merits does not constitute prejudice. *Id.* Rather, the delay must result in some tangible harm, such as "loss of evidence,

increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quotation omitted).

Mutual's motion to set aside the default was promptly filed within 10 days of King filing the notice of default from state court and before there was any other significant activity in the case. The parties have been proceeding as if the default were set aside by engaging in discovery. Given the case's procedural posture and the fact that discovery appears to be underway, setting aside the default would not hinder King's ability to pursue his case or result in excessive delay. King does not identify any tangible harm he would suffer if default is set aside. Setting aside the default also favors the Ninth Circuit's policy favoring adjudication of the case on the merits. The court in its discretion therefore finds that setting aside the default would not result in prejudice to King. Having satisfied at least one of the three factors, the court need not proceed any further to find that the state court clerk's entry of default should be set aside. Accordingly, the court will grant Mutual's countermotion to set aside the default.

## III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Stacey King's Motion to Strike Defendant's Answer (ECF No. 5) is DENIED.

IT IS FURTHER ORDERED that Defendant Mutual of Omaha Insurance Company countermotion to set aside the default (ECF No. 7) is GRANTED.

DATED: June 18, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE