Kristina N. Holmstrom
State Bar No. 10086
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
Kristina.Holmstrom@ogletree.com

*Attorneys for Mutual of Omaha Insurance Company*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| STACEY KING, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY, a foreign business corporation,<br><br>Defendant. | No. 2:18-cv-01821-JCM-CWH<br><br>PROTECTIVE ORDER |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

The Court recognizes that many of the documents and much of the information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, development, or commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The parties have agreed to be bound by the terms of this Protective Order ("**Order**") in this Action to facilitate the document production and disclosure, and protect the respective interests of the parties in their trade secrets and/or confidential information. This Order shall remain in effect unless modified pursuant to the terms contained in this Order

IT IS THEREFORE ORDERED THAT:

The following Definitions shall apply in this Order:

A. The term "**Confidential Information**" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions. Confidential Information may be copies and/or summaries, digests or abstracts derived therefrom, but all such copies, digests, abstracts and summaries shall be considered CONFIDENTIAL and shall be subject to the provisions of this Order.

B. The term "**Counsel**" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

C. The term "**Action**" will mean the lawsuit captioned *Stacey King v. Mutual of Omaha Insurance Company*, Case No.: 2:18-cv-01821-JCM-CWH pending in the United States District Court for the District of Nevada.

The following provisions shall apply in this litigation:

1. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL." Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, that unrestricted disclosure of such information could be harmful to the business or operations of such party. This includes, but is not limited to, trade secret or other confidential research, development, financial, customer related data or other commercial information. Confidential Information shall be so designated by marking the respective pages of the document, and where appropriate, the entire document with the legend "CONFIDENTIAL." Any such designation shall be precise and specific as to the document or parts of documents designated as "CONFIDENTIAL," including identification by Bates Numbers.

2. Documents made available for inspection in response to a request for production need not be marked "CONFIDENTIAL" prior to inspection. However, the producing party following an inspection can mark those documents designated for copying that contain Confidential Information as "CONFIDENTIAL."

3. Designation of materials as "CONFIDENTIAL" shall not operate as an admission by any party receiving the materials that the information is or is not: (a) confidential; (b) privileged; (c) relevant; or (d) admissible in evidence at trial.

4. Other individuals or entities producing documents or information in this lawsuit, including individuals or entities responding to subpoenas, may use the "CONFIDENTIAL" designation under this Order consistent with their legitimate interests to protect information that they deem to be confidential or proprietary.

5. Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

    (a) the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the Action of the portions of the transcript to be designated "CONFIDENTIAL."

    (b) the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff, associates, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit), the court reporter, and the person(s) agreed upon pursuant to paragraph 8, below; and

    (c) The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6. All Confidential Information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7. Information designated "CONFIDENTIAL" may be viewed only by:

    (a) The parties to this Action;

    (b) Counsel (as defined in paragraph C, above);

    (c) Independent experts; potential expert witnesses or consulting experts; clerical employees associated with such experts; and actual or potential deposition or trial witnesses identified in this Action. Prior to receiving any Confidential Information, each of the above-listed individuals must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the parties shall maintain a copy of all Agreements signed by such persons and shall furnish copies to opposing counsel. No Confidential Information shall be disclosed to any person who refuses or has failed to sign the Agreement. In the event any person who has signed an Agreement refuses to comply therewith, or fails to adhere to the terms thereof, Counsel shall make no further disclosure to such person and shall immediately notify opposing counsel for in writing;

    (d) The Court and any Court staff and administrative personnel;

    (e) Any court reporter employed in this litigation and acting in that capacity; and

    (f) Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this Action.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

8. All information that has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation. The principals, employees or other agents of the parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation as being "CONFIDENTIAL" may also retain copies of that information as is necessary for use in their respective businesses.

9. Materials designated "CONFIDENTIAL," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs, or other papers filed with the Court, or attached as exhibits to them, provided the parties comply with the Court's procedures and provided that such "CONFIDENTIAL" materials and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "CONFIDENTIAL."

10. Confidential Information and materials designated "CONFIDENTIAL" shall be used solely for the prosecution or defense of this Action. A party who wishes to use Confidential Information and/or materials designated "CONFIDENTIAL" for a purpose other than the prosecution or defense of this Action must request permission, in writing, from Counsel for the producing party. The receiving party's request must identify the Confidential Information and/or materials designated "CONFIDENTIAL" that the receiving party wishes to use, and identify the purpose for which it wishes to use Confidential Information and/or materials designated "CONFIDENTIAL." If the parties cannot resolve the question of whether the receiving party can use Confidential Information and/or materials designated "CONFIDENTIAL" for a purpose other than the prosecution or defense of this Action within fourteen (14) days of the producing party's receipt of such a request, the receiving party may move the Court for a ruling on the receiving party's request. In the event any party files a motion seeking to use Confidential Information and/or materials designated "CONFIDENTIAL" for a purpose other than the prosecution or defense of this Action, the Confidential Information and/or materials designated "CONFIDENTIAL" shall be submitted to the Court, under seal, for an in-camera inspection. Any

Confidential Information and/or materials designated "CONFIDENTIAL" at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the motion or the matter has been otherwise resolved.

11. At any stage of these proceedings, any party may object to a designation of materials as Confidential Information. The party objecting to confidentiality must notify, in writing, Counsel for the producing party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved. In any challenge to the designation of materials as CONFIDENTIAL, the burden of proof shall be on the party seeking protection.

12. All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this Action. If the Confidential Information was exchanged between the parties prior to and apart from this litigation for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, Counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

14. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give prompt written notice to the receiving party that the materials produced are deemed Confidential Information, and that the materials produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the producing party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

15. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

16. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

17. Materials designated "CONFIDENTIAL," and all information in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any hearing in this litigation. The party intending to offer material designated "CONFIDENTIAL" must give the party that designated the materials "CONFIDENTIAL" sufficient advance notice to seek protection or relief from the Court.

18. This Order is entered for the purposes of providing appropriate confidentiality protections and facilitating the production of documents and information without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of the Protective Order nor any proceedings pursuant to this Order shall

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

be deemed: (a) to have the effect of an admission or waiver by either party; or (b) to alter the confidentiality or non-confidentiality of any document or information; or (c) to alter any existing obligation of any party or the absence thereof. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19. Information designated CONFIDENTIAL pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the Action in which the subpoena was issued.

20. Nothing in this Protective Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped Confidential Information.

21. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

22. Within thirty (30) days of the final termination of this Action, including any and all appeals, Counsel for each party must purge all Confidential Information from all machine-readable

8

media on which it resides and must either: (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information; or (b) destroy same. With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.

23. Any party may designate as "CONFIDENTIAL" any materials that were produced during the course of this Action without such designation before the effective date of this Order, as follows:

(a) Parties to this Action may designate such materials by sending written notice of such designation, accompanied by copies of the designated materials bearing the appropriate legend of "CONFIDENTIAL" to all other parties in possession or custody of such previously undesignated materials. Any party receiving such notice and copies of designated materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated materials in its custody or possession.

(b) Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated materials or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated materials or information of the effect of such designation under this Order.

(c) All such designations must be made within thirty (30) days of the date of this Order.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

24. Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own Order at any time in these proceedings.

27. After termination of this Action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and materials designated as "CONFIDENTIAL" for enforcement of the provisions of this Order following termination of this litigation.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

DATED: July 12, 2019

APPENDIX "A"

AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION

I have read and understand the Protective Order entered in the case of *Stacey King v. Mutual of Omaha Insurance Company*, Case No.: 2:18-cv-01821-JCM-CWH pending in the United States District Court for the District of Nevada, a copy of which Order has been delivered to me to keep with my copy of this Agreement. I agree to be bound by all the terms of the Protective Order and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as set forth in the Protective Order. I further agree and attest to my understanding that breach of this Agreement is directly actionable by the party which designated the Confidential Information which is disclosed, and that in the event I fail to abide by the terms of the Protective Order, I may be subject to sanctions.

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City          State          Zip

_____
Occupation or Business

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

39186093.1